IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MICHAEL ALEXANDER GONZALEZ MALDONADO AND ANGELICA CANALES VAZQUEZ

Debtors

MICHAEL ALEXANDER GONZALEZ MALDONADO AND ANGELICA CANALES VAZQUEZ

Plaintiffs

vs.

BANCO POPULAR DE PUERTO RICO

Defendant

CASE NO. 18-06385 (ESL)

CHAPTER 7

ADV. PROC. NO. 18-00142 (ESL)

OPINION AND ORDER

This adversary proceeding is before the court upon the *Motion to Dismiss* (Docket No. 8) filed by defendant, Banco Popular de Puerto Rico (hereinafter referred to as the "Defendant" or "BPPR") arguing: (i) lack of ripeness under Fed. R. Civ. P. 12(b)(1), given that the Property Registrar has not notified any defect in the mortgage deed, and, in any case, BPPR has a prepetition property interest, thus, BPPR is allowed to perfect its security interest within the time period established by the Puerto Rico Mortgage Law; and (ii) the complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) because it alleges that BPPR's mortgage is not a valid lien and fails to specify the causes of action brought forth with any precision, and also fails to reference the specific statutory sections under which their claims are being raised. The complaint is devoid of any arguments or legal basis as to why Plaintiffs are entitled to relief. The Debtors/Plaintiffs filed their *Reply to Motion to Dismiss* (Docket No. 12) contending that: (i) the "… Plaintiffs have alleged the grounds for the court's

-1-

jurisdiction, they have asserted a statement of a claim showing that the pleader is entitled to relief and they have alleged a demand for relief;" (ii) the issue of whether a creditor has a secured or unsecured claim is a "core matter" under the Bankruptcy Code; and (iii) "[t]he facts surrounding the Defendant's mortgage deed 113 do not allow recordation of this deed, thus the Defendant does not have a mortgage lien on the Property." BPPR filed its *Response to Plaintiff's Reply to Motion to Dismiss* (Docket No. 18). For the reasons stated herein, the Defendants' *Motion to Dismiss* is hereby granted.

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Procedural Background

The Debtors filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code on October 31, 2018. The Debtors included in Schedule A/B: Real Property the real property in controversy with a current value of $110,000 (Case No. 18-06385, Docket No. 1, pg. 13). The Debtors listed in Schedule C: The Property You Claim as Exempt, the real property in controversy in the amount of $110,000 which is 100% of the fair market value (Case No. 18-06385, Docket No. 1, pg. 19). The Debtors listed in Schedule E/F: Creditors Who Have Unsecured Claims, BPPR's claim in the amount of $166,834 (Case No. 18-06385, Docket No. 1, pg. 24). On November 28, 2018, the Chapter 7 Trustee filed a report of no distribution (Case No. 18-06385, Docket No, 9).

On December 6, 2018, the Plaintiffs filed the instant adversary proceeding to determine the validity of a mortgage lien over the Plaintiffs' real property held by BPPR. The Plaintiffs' complaint is premised upon the following argument: "[t]o the extent BPPR is claiming a security or a secured classification based on a mortgage lien which mortgage has not been recorded due to a failure to segregate lot number 464, BPPR's mortgage lien is not a valid or

-2-

perfected lien and, therefore, its unperfected security should be cancelled and/or annulled" and, "…therefore, BPPR's claim must be classified as a 'general unsecured claim'" (Docket No. 1). The Plaintiffs request the court to determine that the alleged mortgage lien over the real property is not a valid lien because the Defendant's mortgage deed was not properly recorded and, thus, BPPR does not hold a recorded mortgage that evinces its secured claim.

At this juncture, the only matter before the court is the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and the opposition to the same by the Plaintiffs.

<u>Applicable Law and Analysis</u>

*Defendants' motion to dismiss*

The motion to dismiss filed by Defendants is based upon three arguments: (i) lack of ripeness pursuant to Fed. R. Civ. P. 12(b)(1). The Defendant argues that the Plaintiffs' claims are not yet fit because they rely on contingent facts that may never happen or may occur in currently unforeseen ways. The Property Registrar might never notify defects in the deeds, and if they are notified, BPPR has an opportunity to correct any deficiencies; (ii) failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (iii) BPPR's mortgage deed was presented and is pending recordation at the Property Registry pursuant to Article 19 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §6034. The mortgage deed was filed with the Property Registry on July 22, 2010. Therefore, BPPR's interest should be properly deemed as secured. In the alternative, BPPR should be allowed to perfect its lien under 11 U.S.C. §§362(b)(3) and 546(b)(1). The date of recordation of BPPR's interest will relate back to the date the deed was originally presented in the Property Registry. Moreover, if a notice of defect is issued as to the Purchase and Mortgage Deed, Article 238 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §6390, provides an alternative to correct any defects notified by the Property Registrar within sixty (60) days from the date of notification. Under section 546(b)(1) this would be considered a pre-petition interest that could be perfected and does not constitute a

violation of the automatic stay (Docket No. 8). The Defendant in its response further argues that: (i) the case of Ortega Ramos v. Banco Popular (In re Ortega Ramos), 2018 Bankr. Lexis 1373 (Bankr. D. P.R. 2018) is inapposite to the instant case because the issue in that case was a lack of successive chain ("tracto sucesivo") in which a mortgage deed had been recorded by virtue of Law 216, and the property was never recorded in favor of the debtors. In the instant case, the segregation and sale deed and the mortgage deed are still pending recordation and have not been notified is defective by the Property Registrar; and (ii) the mere passage of time does not create a right to appeal to the courts, nor does the passage of time without the Registrar qualifying a document create a tacit denial of inscription. See CRIM v. Property Registrar, 193 D.P.R. 943 (Docket No. 18).

*Plaintiff's Opposition*

Plaintiffs in their *Reply to Motion to Dismiss* contend that: (i) prior to the filing of the bankruptcy petition, they contracted the services of Mr. Angel Urbina, a title investigator, to investigate the status of BPPR's mortgage deed number 113. Mr. Urbina's investigation reveals that mortgage deed number 113 has not been recorded because lot number 464 has not been segregated and the same does not exist as a separate property. Moreover, the Property Registry records indicate that the Property Registrar is unable to segregate the property of lot number 464 due to certain missing documents and a missing "government resolution" required to allow the segregation of lot number 464. Property lot number 464 is still part of the Seller's real property (parcel number 52,592) whose title owner is Borinquen Valley, S.E. Since the complimentary documents were never submitted to the Property Registry, the Registrar is unable to proceed with the segregation of the property lot number 464 in order to register the Defendant's mortgage deed number 113; (ii) the issue of whether a creditor has a secured or unsecured claim is a core matter under the Bankruptcy Code; (iii) the Defendant's reasoning is based on a

-4-

defective "presumption" that the mortgage deed will presumably be recorded since the facts surrounding the Defendant's mortgage deed demonstrate that said mortgage is not valid; (iii) in In re Ortega Ramos, 2018 Bankr. Lexis 1373, *11, the court held that "… BPPR's Mortgage Deed was not properly recorded pursuant to Puerto Rico Mortgage Law, and therefore, Defendant does not hold a secured claim." The Ortega Ramos is applicable to the instant case because the Court considered the facts surrounding the recordation of the Bank's deed and concluded that said facts evidenced a recordation defect that clearly invalidated the recordation of the Bank's mortgage deed. In the instant case, the facts surrounding the presentation of the Defendant's deed number 113 create defects which are of such nature that said mortgage deed will not be recorded; (iv) the Defendant failed to use the solution provided by Law 210-2015 to obtain the recordation of its mortgage deed number 113; and (v) the facts surrounding the presentation at the Property Registry of Defendant's mortgage deed number 113 are to be taken into consideration by the Court to determine whether the Defendant holds a mortgage lien encumbering the property (Docket No. 12).

*Fed. R. Civ. P. 12(b)(1), the Ripeness Doctrine and the relationship with Fed. R. Civ. P. 12(b)(6)*

Pursuant to Fed. R. Civ. P. 12(b)(1), applicable in bankruptcy adversary proceedings through Fed. R. Bankr. P. 7012, a party may request the dismissal of a complaint for "lack of subject matter jurisdiction." Fed. R. Bankr. P. 7012(b)(1). "This rule is a large umbrella, overspreading a variety of different types of challenges to subject matter jurisdiction. Some challenges—those grounded in considerations of ripeness, mootness, sovereign immunity, and the existence of federal question jurisdiction are good examples." Valentin v. Hosp. Bella Vista, 254 F. 3d 358, (1st Cir. 2001) referencing Ernst & Young v. Depositors Econ. Prot. Corp., 45 F. 3d 530, 534 (1st Cir. 1995). Therefore, ripeness is a component of subject matter jurisdiction that may be challenged under Fed. R. Civ. P. 12(b)(1). The plaintiff, as the party asserting

subject matter jurisdiction, has the burden of establishing both standing and ripeness. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). "The pleading standard for satisfying the factual predicates for proving jurisdiction is the same as applies under Rule 12(b)(6) — that is, the plaintiffs must 'state a claim to relief that is plausible on its face." Labor Rels. Div. of Constr. Indus. of Mass. v. Healey, 844 F. 3d 318, 326 (1st Cir. 2016) (quoting Román Oliveras v. P.R. Elec. Power Auth., 655 F. 3d 43, 45 n. 3, 49 (1st Cir. 2011); Silha v. ACT, Inc., 807 F. 3d 169, 174 (7th Cir. 2015) (collecting cases from other circuits)). A plaintiff, to avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), must aver in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 62, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "In evaluating such claims, we must separate out factual assertions from legal conclusions. As the Court instructed in Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Labor. Rels. Div. of Constr. Indus. of Mass. v. Healey, 844 F. 3d at 327. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556)).

The purpose of the doctrine of ripeness is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Ernst & Young v. Depositors Economic Protection Corp., 45 F. 3d 530, 535 (1st Cir. 1995) citing Abbot Labs v. Gardner, 387 U.S. 136, 148-149, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967). "While the doctrine has a prudential flavor, a test for ripeness is also mandated by the constitutional requirement that federal jurisdiction extends only to actual cases or controversies, see U.S. Const. art III, §2; see also Wycoff, 344 U.S. at 242-45." Id. at 535. The ripeness doctrine seeks to prevent the

adjudication of claims relating to "contingent future events that may not occur as anticipated, or indeed may not occur at all." Reddy v. Foster, 845 F.3d 493, 500 (1st Cir. 2017) (quoting Texas v. United States, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998)). "[T]he facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of" the judicial relief requested. Labor Rels. Div. of Constr. Indus. of Mass. v. Healey, 844 F. 3d 318, 2016 U.S. App. LEXIS 22403, 2016 WL 7321217, at *4 (1st Cir. 2016) (quoting MedImmune, Inc. v. Genentech Inc., 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007).

To determine whether a case is ripe for review, the plaintiff must adduce facts sufficient to establish both fitness and hardship. Ernst & Young v. Depositors Economic Protection Corp., 45 F. 3d at 535. Under the fitness prong of the ripeness test, a claim is ripe for judicial review if the same does not rest "… upon continent events that may not occur as anticipated, or indeed may not occur at all." Labor Rels. Div. of Constr. Indus. of Mass. v. Healey, 844 F. 3d at 326 (quoting City of Fall River v. FERC, 507 F. 3d 1, 6). "Put bluntly, the question of fitness does not pivot solely on whether a court is capable of resolving a claim intelligently, but also involves an assessment of whether it is appropriate for the court to undertake the task. Federal courts cannot --- and should not—spend their scarce resources in what amounts to shadow boxing. Thus, if a plaintiff's claim, though predominantly legal in character, depends upon future events that may never come to pass, or that may not occur in the form forecasted, then the claim is unripe." Ernst & Young v. Depositors Economic Protection Corp., 45 F. 3d at 537 (citations omitted). "The fact that an event has not occurred can be counterbalanced in this analysis by the fact that a case turns on legal issues 'not likely to be significantly affected by further factual development.'" McInnis-Misenor v. Me. Med. Ctr, 319 F. 3d 63, 70 (1st Cir. 2003) (quoting Ernst & Young, 45 F. 3d at 536)). However, if the claims are of a conditional nature, then a finding of hardship is unlikely. Under the hardship prong, the court considers whether "…the challenged action creates a direct and immediate dilemma for the parties." Ernst

& Young, 45 F. 3d at 535. "The First Circuit has also stated that although both prongs of the test must be satisfied, 'a strong showing on one may compensate for a weak one on the other." Resurgent Capital Servs., L.P. v. Harrington (In re Cushman), 2017 Bankr. Lexis 575, *11 (Bankr. D. Me. 2017) (quoting McInnis-Misenor, 319 F. 3d at 70)).

Moreover, " '[i]n ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff. In addition, the court may consider whatever evidence has been submitted….." Portland Pipe Line Corp., 164 F. Supp. 3d at 173-74; See also; Gonzalez v. U.S., 284 F. 3d 281, 288 (1st Cir. 2002). In view of the authority referenced above, the Court may consider the numerous exhibits attached to the complaint and motion.'" Riley v. Lexmar Global Inc. (In re Progression, Inc.), 559 B.R. 8, 10-11(Bankr. D. Mass. 2016).

*Fitness & Hardship Prongs*

The Defendant contends that the Plaintiffs' claims are not yet fit because they rely on contingent facts that may never happen or may occur in unforeseen ways. The Segregation and Purchase Deed and the Mortgage Deed have been presented to the Property Registrar, but the same have not been reviewed by the Property Registrar and thus, are pending recordation. These speculative facts entail that the Property Registrar review the Segregation and Purchase deed and the Mortgage deed and notify any defects to BPPR. In particular, the defects that the Debtor/Plaintiff alleges the Property Registrar will notify pertain to the Segregation and Purchase deed because the Property Registrar is unable to segregate property or lot number 464 due to a missing "government resolution" required to allow the segregation of said lot number 464. Therefore, the property or lot number 464 is still a part of the Seller's (Borinquen Valley S.E.) original property parcel number 52,592. Therefore, since the "government resolution" was never issued, the Property Registrar is unable to segregate the particular lot/property in order to register the Defendant's mortgage lien (Docket No. 1, paragraphs18, 19 & 20). Once the defects

-8-

are notified, BPPR has an opportunity to correct any deficiencies pursuant to Articles 236-238 of the Real Property Registry Act, 30 L.P.R.A. §§6388-6390.

The Plaintiffs in their complaint state as follows:

"17. An investigation of the Property Registry records/books concerning the Property revealed that the aforestated Mortgage Deed No. 113 has not been duly recorded since its collateral, the Property or lot number 464, has not been segregated and the same does not exist as a separate property which can be subjected to a mortgage lien.
18. The Property Registry records/books also reveal that the Property Registrar is unable to segregate the Property of lot number 464 due to a missing "government resolution" required to allow the segregation of said lot number 464.
19. As it stands, the Property or lot number 464 is still part of the Seller's (Borinquen Valley S.E.) original property Finca number 52,592, recorded at folio 230 of tomo 1538, Caguas Section Puerto Rico Property Registry.
20. Since the aforestated "government resolution" was never issued, the Property Registrar is unable to segregate in order to register the Defendant's mortgage lien (Mortgage Deed Number 113), concerning the Property" (Docket No. 1, Complaint, pgs. 4-5).

At this juncture, it appears that the Property Registrar may not be able to register the Defendant's mortgage lien, but the Property Registrar may also be unable to segregate said parcel giving that certain supplementary documents are missing. Notwithstanding, the court finds that the Plaintiff's claim requesting lien avoidance of BPPR's Mortgage Deed is not fit for judicial review because the same is not rooted in the present, but depends upon contingent events that as of this date have not occurred, and, therefore the outcome of the same is speculative, meaning that it may be affected by further factual development. In particular, the Property Registrar has autonomy in his judging powers and he or she has not passed judgment upon the Purchase and Segregation Deed and on the Mortgage Deed pursuant to articles 229, 230, 232 of the Real Property Registry Act, 30 L.P.R.A. §§6381-6382 & 6384.

As to the hardship prong, the court finds that since the Plaintiffs' claims are based upon contingent events in which the outcome is speculative, then a finding of hardship is unsubstantiated. Moreover, the Plaintiffs have not disclosed with particularity what would be their direct and immediate dilemma if their claim is dismissed, including that the property not be registered in the debtors' names.

The court further concludes that given that it made a finding that the Plaintiff's claims are not fit for judicial review because the same is of a contingent nature and the outcome is speculative, it follows that the Plaintiffs' claims at this juncture, do not aver sufficient factual matter to state a claim that is plausible on its face pursuant to Fed. R. Civ. P. 12(b)(6).

Conclusion

In view of the foregoing, this court concludes that the Plaintiff's claims are unripe and thus, at this juncture are not fit for judicial review. Moreover, postponing an adjudication will not work a substantial hardship. The court further finds that the Plaintiffs' claims are devoid of sufficient factual matter, that if accepted as true states a claim that is plausible on its face. For these reasons, the Defendant's *Motion to Dismiss* is granted.

SO ORDERED.

In San Juan, Puerto Rico, this 15th day of October, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge